IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JUAN ANTONIO REYES-SANCHEZ, | § | |
| | § | |
| Movant, | § | |
| | § | Civil No. 4:16-CV-757-O |
| v. | § | (Criminal No. 4:16-CR-2-O (1)) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Before the Court is Juan Antonio Reyes-Sanchez's amended motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. ECF No. 4. He now challenges the search of his property and the sufficiency of the evidence that supports his conviction. But he waived those challenges when he pleaded guilty. His remaining claim—a vague and conclusory challenge to his trial counsel's performance—lacks merit. Therefore, the Court denies his Section 2255 motion with prejudice.

**Applicable Background**

Reyes-Sanchez pleaded guilty to unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(5)(A). *See United States v. Reyes-Sanchez*, No. 4:16-CR-2-O (1), ECF No. 34. He was sentenced to 46 months' imprisonment with a three-year term of supervised release. *See id.* He did not appeal.

Reyes-Sanchez now raises three claims: (1) the government violated his Fourth Amendment rights when it searched his residence and seized evidence without a warrant, *see* ECF No. 4 at 7; (2) the government failed to introduce sufficient evidence of his guilt, *see id.* (arguing that the

-1-

government failed to proffer any "hard evidence"—such as "photographs, video tapes, or audio"); and (3) that his trial counsel was ineffective. *Id.*

**Law & Analysis**

Reyes-Sanchez Waived Claims (1) and (2) by Pleading Guilty

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). "A plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction." *United States v. Cothran*, 302 F.3d 279, 286 (5th Cir. 2002); *see also United States v. Scruggs*, 714 F.3d 258, 261-62 (5th Cir. 2013) ("A voluntary and unconditional guilty plea waives all non-jurisdictional defects.").

"A guilty plea also eliminates objections to searches and seizures that violate the Fourth Amendment." *Cothran*, 302 F.3d at 286. Because Reyes-Sanchez pleaded guilty, he waived the argument that he attempts to raise in claim (1)—that the government's warrantless search violated his Fourth Amendment rights. Thus, he cannot succeed on that claim in this Section 2255 proceeding. *See, e.g.*, *Franklin v. United States*, 589 F.2d 192, 194-95 (5th Cir. 1979) (per curiam) (refusing to address the movant's claims—on direct appeal from the denial of a Section 2255 motion—of "coerced confessions, perjury[,] and illegal searches and seizures.").

The same is true for claim (2). "A plea of guilty knowingly, willingly, and voluntarily entered into waives non-jurisdictional defects that occurred prior to the plea' such that 'this court is precluded from considering appellant's claims as to insufficiency of evidence.'" *United States v.*

*Hanyard*, 762 F.2d 1226, 1229-1230 (5th Cir. 1985) (quoting *United States v. Brice*, 565 F.2d 336, 337 (5th Cir. 1997)). In light of Reyes-Sanchez's guilty plea—which he does not claim was involuntary or unknowing—his challenge to the sufficiency of the evidence cannot form the basis for relief here. *See, e.g.*, *United States v. James*, No. 5:13-CV-3085, 2016 WL 2726650, *5 (W.D. La. May 9, 2016) ("The Fifth Circuit has long held that a voluntary guilty plea precludes consideration of a challenge to the sufficiency of the evidence because such a claim does not relate to the voluntariness of the plea."); *accord Hanyard*, 762 F.2d at 1229.

Ineffective Assistance of Counsel

The Sixth Amendment guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Claims concerning the alleged ineffective assistance of counsel are reviewed under the two-prong test established in *Strickland*. To prevail on an ineffective assistance of counsel claim under *Strickland*, the movant must show both (1) that his attorney's performance fell below an objective standard of reasonableness, and (2) that he was prejudiced by his attorney's substandard performance. *Id.* at 687-91, 694.

A court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. And the movant must offer more than "conclusory allegations" to establish ineffective assistance. *See Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance are insufficient to raise a constitutional issue"); *see also United States v. Holmes*, 406 F.3d 337, 361 (5th Cir. 2005) (same).

Here, Reyes-Sanchez claims only:

> I believe I was not properly guided, legally wise. There was a failure to recommend, caution, advise[,] and a loss of communication

> between myself and [my] appointed attorney.

ECF No. 4 at 7.

These allegations are vague and conclusory. Reyes-Sanchez does not identify what counsel failed to recommend, caution against, or advise about. Nor does he explain what he means by a loss of communication with his attorney. And he makes no attempt to show that counsel's performance caused him prejudice. Because his "mere conclusory allegations are insufficient to raise a constitutional issue," he is not entitled to relief on claim (3). *Green*, 160 F.3d at 1042.

### Evidentiary Hearing

Upon review of the motion to vacate and the files and records of this case, the Court need not hold an evidentiary hearing to resolve his claims. No evidentiary hearing is required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). As explained above, the matters reviewed by the Court conclusively show that Reyes-Sanchez is entitled to no relief.

### Certificate of Appealability

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c), the Court denies a certificate of appealability. Movant has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 48 (2000).

In the event that Reyes-Sanchez elects to file a notice of appeal, the Court notes that he will need to pay the appellate filing fee or submit a motion to proceed *in forma pauperis*.

**Conclusion**

This Section 2255 motion is **DENIED** with prejudice as meritless.

**SO ORDERED** this **15th day** of **March, 2018**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE